UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHNNIE BROWN,

        Plaintiff,

v.

MUSKEGON COUNTY JAIL et al.,

        Defendants.
_____/

Case No. 1:19-cv-235

Honorable Paul L. Maloney

# OPINION

This is a civil rights action brought by a state prisoner. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Michigan. The events about which he complains occurred while he was detained at the Muskegon County Jail. Plaintiff

sues the Muskegon County Jail, Muskegon County Detective Keith Stratton, the Muskegon County Sheriff, and unidentified individuals who work for Muskegon County.

According to the MDOC's records,[1] a Muskegon County jury found Plaintiff guilty of second-degree murder and possession of a firearm during the commission of a felony. In 2018, the state court sentenced him to a prison term of 30 to 60 years. Plaintiff alleges that on March 9, 2017, he was detained at the Muskegon County Jail, facing the charges for which he is now serving a prison sentence. At the jail, Detective Stratton interrogated Plaintiff about the charged offenses. Plaintiff apparently made incriminating statements to Stratton, but Plaintiff contends that Stratton violated his constitutional rights in several ways.

First, Plaintiff asserts that he did not understand his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and did not fully understand what was happening during the interrogation because he was "extremely high" and not "[coherent]." (Compl., ECF No. 1, PageID.7.) Plaintiff contends that his criminal defense attorney raised these issues in a motion to the state court, ostensibly in an effort to suppress Plaintiff's statements from the interrogation, but the state court denied the motion. Plaintiff alleges that his appellate attorney has raised these issues on appeal, as well. That appeal is still pending.

Second, Detective Stratton allegedly touched Plaintiff's leg "in a way that made Plaintiff feel very uncomfortable." (*Id.*) Plaintiff claims that Detective Stratton's touch constituted "excessive force" and an invasion of privacy, in violation of the following: the Eighth Amendment, the Prison Rape Elimination Act (PREA), 34 U.S.C. § 30301 et seq.,[2] and a federal statute criminalizing sexual activity in federal prisons, 18 U.S.C. § 2243.

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=457740 (visited June 5, 2019).
[2] Plaintiff cites 42 U.S.C. § 15601(3), but Congress transferred the PREA to 34 U.S.C. § 30301, effective September 1, 2017.

Plaintiff contends that Muskegon County is liable for the conduct of Defendant Stratton because it failed to train and supervise its employees to prevent them from "nonconsensual[ly] touching" detainees and thereby depriving them of their civil rights. (*Id.*, PageID.8.) Plaintiff also claims that the Muskegon County Sheriff and Detective Stratton failed to provide a "risk free" environment to protect Plaintiff from "unreasonable risk of gross negligence." (*Id.*) In addition, these defendants and unidentified Muskegon County employees failed to protect Plaintiff from "harm," thereby violating his rights under the Eighth and Fourteenth Amendments. (*Id.*) Plaintiff alleges that Defendants' actions caused him to suffer "personal injury, phy[s]ical injury, . . . emotional distress, and pain." (*Id.*)

As relief, Plaintiff seeks a declaration that Defendants violated his rights under the Constitution and federal law, an injunction requiring Defendant Stratton to cease all "unprofessional investigation[s]," and monetary damages. (*Id.*, PageID.10.)

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### III.   PREA

Plaintiff cites the PREA, but that statute does not provide him any relief. Plaintiff "has no independent cause of action for any Defendant's failure to comply with the Prison Rape Elimination Act." *Beeman v. Heyns*, No. 1:16-cv-27, 2016 WL 1316771, at *12 n.4 (W.D. Mich. Apr. 5, 2016) (citing *Montgomery v. Harper*, No. 5:14-CV-P38R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff.")); *see also McCloud v. Prack*, 55 F. Supp. 3d 478, 482 n.2 (W.D.N.Y. 2014) ("'[N]othing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate.'") (quoting *Amaker v. Fischer*, No. 10-CV-0977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014) (collecting cases)); *Barhite v. Berghuis*, No. 1:14-cv-670, 2014 WL 4627166, at *5 (W.D. Mich. Sept. 15, 2014) ("Plaintiff's request is predicated on the assumption that the PREA provides him a cause of action for Defendants' alleged sexual assaults. It does not."). Accordingly, Plaintiff's claim under the PREA will be dismissed.

### IV.     18 U.S.C. § 2243

Plaintiff also claims that Defendant Stratton violated a criminal statute, 18 U.S.C. § 2243, which prohibits engaging in a "sexual act" with a person in custody or detention. *See* 18 U.S.C. § 2243(b). However, Defendant Stratton's act of touching Plaintiff's leg does not fall within any of the definitions of "sexual act" in the statute, all of which involve contact with genitalia. *See* 18 U.S.C. § 2246(2). Thus, the statute does not apply.

Moreover, Plaintiff lacks standing to enforce criminal statutes. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen lacks standing to initiate criminal proceedings); *see also Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-93 (6th Cir. 1994) (private party lacks standing to compel the state to pursue criminal or civil actions). Thus, he lacks standing to enforce, and does not state a claim under, 18 U.S.C. § 2243.

### V.     42 U.S.C. § 1983

Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments. Those rights can be vindicated under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### A. Detective Stratton

Plaintiff contends that Defendant Stratton extracted incriminating statements from him under circumstances that violated Plaintiff's constitutional rights. For instance, Plaintiff

5

contends that he was not coherent and did not understand his legal rights, including his rights under *Miranda*. Plaintiff also contends that, as part of that his interrogation of Plaintiff, Defendant Stratton touched Plaintiff on the leg. Plaintiff alleges that this act amounted to sexual assault and infliction of emotional distress.

To the extent Plaintiff challenges the validity of the interrogation, his claim is barred under the doctrine in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). Under *Heck*, a state prisoner cannot make a cognizable claim under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's claim clearly calls into question the validity of his conviction. *Cf. Scheib v. Grand Rapids Sheriff's Dep't*, 25 F. App'x 276, 277 (6th Cir. 2001) (affirming dismissal of claim that a police interrogation violated the plaintiff's constitutional rights). Indeed, he asserts

that his attorney has raised the issue on appeal from Plaintiff's conviction. Accordingly, this claim is barred until Plaintiff can show that his conviction has been invalidated.

To the extent Plaintiff sues Detective Stratton solely for touching Plaintiff on the leg, separate and apart from its impact on Plaintiff's statements during the interrogation, Plaintiff fails to raise an issue of constitutional magnitude. Plaintiff claims that the touch was an excessive use of force, in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. However, as a pretrial detainee, Plaintiff's rights "derive[d] from the Fourteenth Amendment, not the Eighth Amendment. . . . A *detainee's* claim differs from a *prisoner's* because 'pretrial detainees (unlike convicted prisoners) cannot be punished at all.'" *Reed v. Bowen*, No. 18-2313, 2019 WL 1873026, at *2 (7th Cir. Apr. 26, 2019) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)).

"[T]he Due Process Clause [of the Fourteenth Amendment] protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Conner*, 490 U.S. 386, 395 n.10 (1989). Unlike a convicted prisoner, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473. The following considerations may bear on the reasonableness of the force used:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

All of the considerations mentioned in *Kingsley* assume that some meaningful level of force was exerted on the plaintiff. But here, Plaintiff merely alleges a touch on the leg, which is, at most, a *de minimis* use of force, not an unreasonable one. The Constitution is not concerned with every physical contact between an official and a detainee, no matter how minor. *See Bell v.*

7

*Wolfish*, 441 U.S. 520, 539 n.21 (1979) ("'There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned.'") (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)); *Graham*, 490 U.S. at 396 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."); *Leary v. Livingston Cty.*, 528 F.3d 438, 443 (6th Cir. 2008) ("While there is room for debate over whether the Due Process Clause grants pretrial detainees more protections than the Eighth Amendment does . . . we need not resolve that debate here. Under either constitutional guarantee, an excessive-force claimant must show something more than *de minimis* force."). The fact that the touch made Plaintiff uncomfortable does not mean it was objectively unreasonable. Thus, Defendant's act of touching Plaintiff's leg does not give rise to a constitutional claim. Accordingly, Plaintiff does not state a viable claim under § 1983 against Defendant Stratton.

### B. Muskegon County Jail

Plaintiff also sues the Muskegon County Jail, which is a building, not an entity capable of being sued. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Muskegon County. Muskegon County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

Plaintiff's allegations against the county essentially rest on a theory of vicarious liability and therefore do not state a claim. *Id.* To the extent Plaintiff suggests the existence of a policy or custom of improper interrogations, his allegations are wholly conclusory. He simply asserts that the county failed to "properly train[] and watch[] [its] employees around inmates." (Compl., PageID.8.) As the Supreme Court has instructed, to demonstrate that a municipality had

an unlawful custom, a plaintiff generally must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60. Plaintiff cites no prior incidents demonstrating a widespread pattern of unconstitutional conduct. He merely suggests that such a pattern exists by asserting that the county failed to train its employees. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007).

Moreover, any claim against the county regarding the validity of Plaintiff's interrogation would be barred by *Heck* for the same reason that Plaintiff's claim against Defendant Stratton is barred. And any claim against the county pertaining to Defendant Stratton's act of touching Plaintiff's leg would fail for the same reasons stated with respect to his claim against Defendant Stratton. That touch did not violate Plaintiff's constitutional rights. Consequently, there is no constitutional injury for which Plaintiff can hold the county liable.

Contrary to Plaintiff's assertion, the county was not obligated to provide a "risk free" environment, and its alleged negligence in failing to do so does not give rise to a constitutional claim. Negligence is insufficient to state a cause of action under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 332-36 (1986). Accordingly, Plaintiff does not state a claim under § 1983 against the Muskegon County Jail or Muskegon County.

### C. Muskegon County Sheriff and Other County Employees

Plaintiff asserts that the Muskegon County Sheriff and unidentified Muskegon County employees failed to protect him from harm. These allegations are too vague and conclusory to state a claim. Plaintiff does not allege any facts about any individual other than Detective Stratton. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a

9

plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

Plaintiff implies that the county employees are liable for the actions of Defendant Stratton, but government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

10

Plaintiff has failed to allege that the individual county defendants engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

In short, Plaintiff fails to state a viable claim against Defendants under § 1983, or any other federal law.

## VI. State Law

Plaintiff contends that Defendants were negligent and intentionally inflicted emotional distress. These arguments imply that Plaintiff is asserting claims under state law. To the extent Plaintiff raises any claims under state law, the Court declines to exercise jurisdiction over them. Where, as here, a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998). Accordingly, Plaintiff's state-law claims, if any, will be dismissed without prejudice.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims arising under federal law will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2), 1915A(b). Plaintiff's claims arising under state law, if any, will be dismissed because the Court declines to exercise jurisdiction over them.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding in forma

pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g). A court's dismissal of a claim that is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g), either on the grounds that it fails to state a claim upon which relief can be granted or that it is frivolous. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same); *Goodson v. Tennessee*, 102 F. App'x 906, 907 (6th Cir. 2004) (a claim barred by *Heck* is frivolous); *Campbell v. Putnam*, 38 F. App'x 298, 300 (6th Cir.2002) (same).

A judgment consistent with this opinion will be entered.


Dated: June 14, 2019  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge